IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roger Lee Arbogast, ) | C/A No. 0:14-788-MGL-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| The State of South Carolina, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Roger Lee Arbogast ("Petitioner"), a self-represented prisoner confined in West Virginia, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915. This Petition is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) DSC. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without requiring the respondent to file a return.

**I.    Factual and Procedural Background**

Petitioner indicates that he was convicted of trafficking opium in the Spartanburg County Court of General Sessions and sentenced to twenty-five years of imprisonment on March 29, 2003. (ECF No. 1 at 1.) The South Carolina Court of Appeals affirmed Petitioner's conviction; however, the conviction was set aside and a new trial granted in post-conviction relief ("PCR") proceedings on July 19, 2007. (Id. at 2-3; see also ECF No. 1-3 at 5-20.) Petitioner complains that he has been awaiting retrial since that time and seeks a "new trial or a letter of innocence from Spartanburg County, so [that Petitioner] may proceed with [his] civil action in the U.S. District Court." (Id. at 5, 14.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254;[1] the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).



to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

    B.    Analysis

While federal habeas relief is ordinarily sought by a state prisoner post-conviction, "pretrial habeas relief is available [] if the petitioner is in custody, has exhausted his state court remedies, and 'special circumstances' justify the provision of federal review."[2] Brazell v Boyd, No. 92-7029, 1993 WL 98778, at *1 (4th Cir. Apr. 5, 1993) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224-26 (5th Cir. 1987); see also United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995). However, the United States Supreme Court has held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances, and that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Younger v. Harris, 401 U.S. 37, 43-44 (1971) (citation omitted); see also Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). From Younger and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings

---

[2] Petitioner submitted his claims on the standard form used by state prisoners to seek habeas relief under 28 U.S.C. § 2254. (ECF No. 1.) As Petitioner indicates that his state court judgment has been set aside and a new trial granted, (id. at 2-3), he may have intended to raise the instant claims under 28 U.S.C. § 2241, which allows a prisoner to seek pretrial habeas relief. Because Petitioner's claims are subject to summary dismissal under either habeas statute, the case has been docketed as an action brought pursuant to § 2254.

Page 3 of 7



implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Applying this test to the instant facts, the court notes that Petitioner alleges that he is awaiting retrial for a state criminal charge, thus satisfying the first criterion. The second part of the test is also met as the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). The Court also addressed the third criterion in finding that " 'ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.' " Gilliam, 75 F.3d at 904 (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)). In relation to a habeas petition raising speedy trial issues, "the federal court should abstain from considering such a claim at the pre-trial stage because the claim could be raised at trial and on direct appeal." Brazell, 1993 WL 98778, at *2 (citing United States v. MacDonald, 435 U.S. 850 (1978)); see also Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975). In the present case, Petitioner may pursue his speedy trial claims in state court. As such, he fails to demonstrate that he has no adequate remedy at law, or that he will suffer irreparable injury if denied his requested relief. See Younger, 401 U.S. at 43-44. Therefore, Petitioner is precluded from federal habeas relief at this time.

Further, Petitioner provides no facts to demonstrate exhaustion of state remedies in relation to his speedy trial claim, as required under § 2254.[3] See 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"). The requirement that a petitioner first exhaust his state remedies is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991); Lawson v. Dixon, 3 F.3d 743, 749-50 n.4, (4th Cir. 1993). In this case, Petitioner indicates that he sent a letter to the Clerk of Court inquiring about a new trial (ECF No. 1-3 at 4), but provides no facts to demonstrate that he has filed a motion for a speedy trial or otherwise exhausted any state court remedies in relation to such a claim. In any event, "the district court would have to abstain from addressing the speedy trial claim even if it were properly exhausted." Brazell, 1993 WL 98778, at *2.

Finally, to the extent Petitioner asks this court to compel action by the state court, such relief is unavailable. Under 28 U.S.C. § 1361, federal district courts are granted "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. See United States v. Oncology Assocs., 198 F.3d 502, 510 (4th Cir. 1999). In addition, 28 U.S.C. § 1651, the "all writs statute," is limited to cases where federal courts are acting in aid of their respective jurisdictions. See 28

---

[3] A prisoner must also exhaust his state or administrative remedies before bringing a claim under 28 U.S.C. § 2241. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973).



U.S.C. § 1651; Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587-88 nn.2-4 (4th Cir. 1969). Thus, this court lacks jurisdiction under §§ 1361 or 1651 to compel action by the State. See In re Ridgway, No. 95-8002, 1995 WL 227268, at *1 (4th Cir. April 18, 1995) ("This Court will not direct the action of state actors through mandamus.").

### III. Conclusion

Accordingly, the court recommends that the instant Petition for writ of habeas corpus be dismissed without prejudice and without requiring the respondent to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 30, 2014
Columbia, South Carolina

*The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).