IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roger Lee Arbogast, ) | Civil Action No. 0:14-788-MGL |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| The State of South Carolina, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Roger Lee Arbogast, ("Petitioner"), a prisoner confined in West Virginia, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for review of post-trial petitions for relief and a Report and Recommendation ("Report").

On May 30, 2014 the Magistrate Judge issued a Report, (ECF No. 15), recommending that the Petition be dismissed *without prejudice* and without requiring Respondent to file a return. Petitioner filed a timely Objection to the Report on June 9, 2014. (ECF No. 18).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record

in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Petitioner's Objection. The Court has undertaken a *de novo* review, even though Petitioner's Objection is generally non-specific in nature and is largely a restatement of arguments already advanced in his Petition. (ECF No. 18). Petitioner fails to meaningfully address the core of the Magistrate Judge's analysis, specifically, the Magistrate Judge's determination that given Petitioner's on-going state criminal court proceedings, the federal courts are precluded under Younger v. Harris, 401 U.S. 37 (1971), and its progeny from granting federal habeas relief at this time.

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference. (ECF No. 15). Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** *without prejudice* and without requiring Respondent to file a return.

## Certificate of Appealability

The governing law provides that:

> © (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> © (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253© . A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is

likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

s/Mary G. Lewis
United States District Judge

June 23, 2014
Spartanburg, South Carolina